The action was continued nisi for advisement, and the opinion of the Court was delivered at Boston, March term, 1808, by
Sewall, J.,
[who, after a brief recital of the facts in the case, and observing that the plaintiffs having been paid on a prior policy *419 for their loss in the cargo, now proceed for their loss in the freight of the ship when captured, proceeded.] The defendants resist this demand on the ground that for a loss happening in a voyage from La Vera Cruz to the Havanna, * they are [ * 479 ] not liable on the terms of the original policy; and if at all liable in this action, it must be by force of the memorandum annexed to the original policy engaging a continuance of the risk. And they contend that this engagement respected only such shipments as should be made at La Vera Cruz, in the manner stipu lated by the memorandum for account of the proceeds of the ship America’s outward cargo. Those shipments, it is admitted, have all arrived in safety, excepting the amount captured, for which the plaintiffs have been paid.
Since the decision by this Court in the action brought by these same plaintiffs against Abel Harris (1), upon a policy of insurance of the same vessel and voyage, the construction of the original policy in the case now under consideration has been taken to be settled ; and in the argument it seems to have been understood that the outward voyage of the ship America finished at La Vera Cruz, and that the voyage from thence to the -Havanna was not protected by the policy, as it stood without the memorandum.
The case at bar has been argued upon this extension and continuance of the original contract. That expressly included a risk of freight as well as goods or cargo. The words we agree to continue the risk on the sum insured on the policy, seem necessarily to revive the insurance on both subjects. The subsequent provisions, though applicable to the risk of goods only, do not, by any necessary construction, exclude a risk on freight, where the same stipulations were not requisite. And upon the whole, the opinion of the Court is, that the memorandum, annexed to the original policy, continued the risk of freight, as well as the risk of goods or cargo originally undertaken.
To construe this insurance, at the election of the assured after the event, to be of the freight only, exclusive of the cargo, would establish a very unequal contract between these parties. This, construction, for which the plaintiffs contend, is inadmissible, unless it appeared to be the unavoidable import of the words of the con tract; which is far from being the case in this instance. The alternative in the original policy, * especially con- [ * 480 ] necting with the words freight or cargo, the words or either to the amount insured, which are separated by the description of the voyage, and have no meaning but in the proposed connec *420 tian, more naturally imports an insurance of freight or cargo as interest shall appear. In this view of it, the contract may be explained, an insurance of freight or of cargo, if, in the event, the insured should have only one of those descriptions of property at risk in the voyage insured; and if he should have both descriptions at risk, then it is an insurance upon both proportionably to the in terest of the insured. . .
This was the construction in the case of Amory vs. Rogers (2), somewhat analogous to this. I may cite, also, in support of this construction, the authority of Emerigon, who, speaking of insurances in the alternative, particularly of one where the words of the policy were, upon a certain ship, to be either upm the vessel or the cargo, observes that at first view the insured might appear to reserve to himself, by a clause of this kind, a power of determining after the event what was the risk of the insurers, and to place it upon the cargo or the vessel at his election. Such a power, he says, would be odious, and an opening to many frauds. And he expresses his opinion to be, that by such a stipulation the policy is to attach, according to the interest of the assured, either upon the one or the other subject; and if he shall be found to have an interest in both the subjects mentioned, then the alternative is to be construed as a copulative (3).
The goods, which were the proceeds .of the America’s outward cargo, finally shipped at La Vera Cruz for the insured and others concerned, amounted, according to their value there, to the sum of 13,647 dollars; and the freight lost in the America was, according to Capt. Walsh’s deposition, 6000 dollars at the least. The whole funds of the concerned are to be considered as amounting to 19,647 dollars within the description of this insurance, in which the insured, the plaintiffs in this action, were interested two thirds, or 13,098 dollars, of which four thirteenths nearly was freight. The same proportion of the sum insured, as the freight bears to the [*481 ] amount of *the funds collectively, is, therefore, recoverable in this action as a total loss of the freight insured, with interest upon the amount from the time when it became due by the terms of the policy. And the plaintiffs are to have judgment accordingly.
Judgment was accordingly entered up, pursuant to the foregoing opinion, as of this term.
The Chief Justice was formerly of counsel, and for that '•easoi did not sit in the cause.

 Stocker & Al. vs. Harris, ante, page 409.

 1 Esp. Rep. 207, cited Marsh. 531.

 Emerig. 290, ch. 10. |